IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN H. THOMPSON, #161 484, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:22-cv-143-WHA-CWB |
| | ) [WO] |
| CITY OF MILLBROOK, ALABAMA, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

**I.   Introduction**

Plaintiff John Thompson ("Thompson"), an inmate at the Loxley Work Release Center in Loxley, Alabama, filed a *pro se* complaint on or about March 23, 2022 using this court's standard form for actions brought under 42 U.S.C. § 1983.  (Doc. 1).  Thompson names as defendants the Honorable Lynn Bright, the City of Millbrook, Alabama, and Lieutenant Youngblood with the Millbrook Police Department.  (*Id*.).  After review and consideration of Thompson's filing, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED for the reasons set forth below.

**II.   Standard of Review**

Because the court granted Thompson leave to proceed *in forma pauperis* (Doc. 5), his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B), which requires a court to dismiss a complaint or any portion thereof when it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

In applying § 1915, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears [v. McCotter]*, 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986). *See also* 28 U.S.C. § 1915A(a) ("The court shall review, before docketing, if feasible or, in any event as soon as practicable after docketing, … .").

## III. Discussion

### A. Judge Lynn Bright

Judge Lynn Bright is a Municipal Court Judge for the City of Millbrook, Alabama. Thompson bases his § 1983 claim against Judge Bright on the principal allegation that she found him guilty of DUI charges in the absence of any physical evidence or supporting facts to establish guilt. (Doc. 1 at 3). Because Thompson's allegations against Judge Bright concern actions taken in her role as judicial officer over his municipal court proceedings, they are subject to dismissal on the basis of judicial immunity. *See Wahl v. McIver*, 773 F.2d 1169, 1172 (11th Cir. 1985) (applying judicial immunity in § 1983 proceeding).

Judicial immunity is immunity from suit, not just from the ultimate assessment of damages, and it applies regardless of whether a judge's action was in error, was done maliciously, or was taken in excess of authority. *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (internal quotations and citation omitted); *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam) (holding that judicial

immunity is not overcome by allegations of bad faith or malice). Judicial immunity may be overcome only if a judge acts outside the judicial capacity or takes action in the complete absence of all jurisdiction. *Stump*, 435 U.S. at 356–57. The "relevant inquiry is the nature and function of the act, not the act itself." *Mireles*, 502 U.S. at 13 (internal quotations and citation omitted).

None of Thompson's allegations against Judge Bright suggest any actions taken outside of her ordinary judicial capacity. To the contrary, Thompson's allegations reflect that all actions were taken as part of normal municipal court proceedings over which jurisdiction existed. *See Hyland v. Kolhage*, 267 F. App'x 836, 840–41 (11th Cir. 2008) (holding that, because judge's actions were taken in his judicial capacity and he did not act in the absence of all jurisdiction by altering minutes of a sentencing hearing after the hearing, he was entitled to absolute judicial immunity); *Stump*, 435 U.S. at 356 (finding that judge was entitled to immunity where he was not acting in the clear absence of all jurisdiction, even if plaintiff alleges the action was erroneous, malicious, or without authority).

Judicial immunity extends its protection to requests for declaratory and injunctive relief as well. *Tarver v. Bright*, 808 F. App'x 752, 754 (11th Cir. 2020). "To receive declaratory or injunctive relief against a judicial officer under Section 1983, the judicial officer must have violated a declaratory decree or declaratory relief must otherwise be unavailable. *See* 42 U.S.C. § 1983. In addition, there must be an "absence of an adequate remedy at law." (*citing Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000); *Sibley v. Lando*, 437 F.3d 1067, 1074 (11th Cir. 2005) (per curiam). Therefore, to the extent Thompson requests declaratory or injunctive relief against Judge Bright, such relief is improper because there is no allegation that Judge Bright violated a declaratory decree, and Thompson's right to appeal the underlying convictions afforded him an adequate remedy at law. *See Tarver*, 808 F. App'x at 754.

Because the doctrine of judicial immunity serves as an absolute bar, all of Thompson's claims against Judge Bright are due to be dismissed under § 1915(e)(2)(B). *Clark*, 915 F.2d at 640 n.2 (citing *Fuller v. Georgia State Bd. of Pardons & Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988) (holding that parole board members entitled to absolute quasi-judicial immunity from suit for damages)); *see also Pugh v. Balish*, 564 F. App'x 1010, 1012 (11th Cir. 2014) (affirming frivolity dismissal of plaintiff's claims and noting, "[w]here a judge is immune from suit, an action against the judge may be subject to dismissal on frivolity grounds, as the action is completely without a legal basis.").

### B.  City of Millbrook, Alabama

Section 1983 permits liability against municipalities only when a plaintiff is deprived of federally protected rights via an official municipal policy. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). "[T]o impose § 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown,* 392 F.3d 1283, 1289 (11th Cir. 2004) (citing *Canton v. Harris*, 489 U.S. 378, 388 (1989)).

Thompson's complaint fails to identity any custom or policy under which the City of Millbrook could potentially be held liable on a § 1983 claim. *See Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (*citing Pamel Corp. v. P.R. Highway Auth.,* 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")). All of Thompson's claims against the City of Millbrook are therefore due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). *See also Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

### C. Lieutenant Youngblood

Thompson alleges that Lieutenant Youngblood charged him with DUI without any supporting evidence, *e.g.*, breathalyzer or drug tests. Because such allegations center on the resulting municipal court convictions, allowing Thompson to proceed would necessarily impugn the convictions and run afoul of the *Heck* "favorable termination" rule. *See Heck v. Humphrey,* 512 U.S. 477 (1994). *See also Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck*, the Supreme Court held that claims challenging the legality of a conviction or sentence are not cognizable in a § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id.* 512 U.S. at 489. The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[.]" *Id*. at 487; *Balisok*, 520 U.S. at 648 (holding that inmate's claims for declaratory judgment, injunctive relief, or monetary damages that "necessarily imply the invalidity of the punishment imposed, [are] not cognizable under § 1983."). "It is irrelevant that [the plaintiff] disclaims any intention of challenging his conviction [or sentence]; if he makes allegations that are inconsistent with the [action] having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) (citations omitted).

Under the circumstances of this case, *Heck* and its progeny bar Thompson's assertion of any § 1983 claim that would effectively constitute a collateral attack on the validity of his underlying convictions. *Heck*, 512 U.S. at 489; *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995). As a result, the claims presented by Thompson against Lieutenant Youngblood are not cognizable and are subject to dismissal under 28 U.S.C § 1915(e)(2)(B).

### IV.  Conclusions

For the reasons stated above, the undersigned Magistrate Judge RECOMMENDS as follows:

1. that Plaintiff's 42 U.S.C. § 1983 claims against Judge Lynn Bright be DISMISSED with prejudice under to 28 U.S.C. § 1915(e)(2)(B);

2. that Plaintiff's 42 U.S.C. § 1983 claims against the City of Millbrook be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B); and

3. that Plaintiff's claims against Lieutenant Youngblood be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B).

Additionally, it is ORDERED that, by August 17, 2022, the parties may file written objections to this Recommendation. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 2nd day of August 2022.

/s/ Chad W. Bryan
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**